O. STAFFORD CHAMBERLAIN, Respondent, v. PULLMAN PALACE CAR COMPANY, Appellant.

St. Louis Court of Appeals, December 5, 1893.

Sleeping Car Companies, Liability of: CONTRIBUTORY NEGLI-GENCE OF PASSENGER. A passenger on a sleeping car, who leaves his watch in his berth while he is in the toilet room, is, as a matter of law, guilty of contributory negligence if it is stolen in his absence, and therefore cannot recover from the company for the loss; but it is otherwise if he directs the porter in charge of the car to look after his effects in his absence.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

REVERSED AND REMANDED.

*Dickson & Smith* for appellant.

(1) Defendant's instruction in the nature of a demurrer to the evidence should have been given, as plaintiff's own evidence established such contributory negligence on his part as should have defeated his action. *Root v. Sleeping Car Co.*, 28 Mo. App. 199; *Railroad v. Handy*, 63 Miss. 614; Thompson on Carriers, p. 531; Hutchinson on Carriers [2 Ed.], sec. 617*d*. (2) The refusal of the instructions offered by the defendants was erroneous. *Root v. Sleeping Car Co.*, *supra*.

*Lee & Ellis* for respondent.

There was no error in the refusal of the trial court to nonsuit the plaintiff, nor in its refusal of the instructions offered by the defendant. *Root v. Sleeping Car Co.*, 28 Mo. App. 199.

ROMBAUER, P. J.—The plaintiff recovered a judgment for $300 from the defendant for the negligence of the latter's servants in not sufficiently guarding plaintiff's personal effects, in consequence whereof a valuable watch was stolen out of his waistcoat, lying under a pillow in the berth occupied by him as a passenger on one of the defendant's sleeping cars. The defendant now assigns for error that the judgment is not supported by the evidence, and that the court erred in its instructions to the jury.

The petition charged negligence only, and no fraud or felony on part of the defendant's servants. The answer contained a general denial and the plea of contributory negligence. The plaintiff, who was the sole witness on his own behalf, testified in substance that he ordered the porter to wake him at daybreak so that he might take a bath in the lady's toilet room; that the porter woke him according to order, and that he thereupon took his hand bag or valise and went to the toilet room in his night shirt; leaving his clothes in his berth; that the watch in question was in his waistcoat pocket, which was carefully folded and placed under his pillow; that upon his return, fifteen or twenty minutes afterwards, he found his waistcoat lying on the berth unfolded and the watch was gone. The plaintiff in addition stated that, when he went to the toilet room, he saw one or two men, whom he took to be train men, sitting in the forward end of the car in an unoccupied berth. The remaining berths were occupied by passengers who

were presumably asleep at that early hour of the morning. The plaintiff was an experienced traveller, having, according to his own testimony, spent on the average one hundred and forty nights of every year for thirty years in sleeping cars.

On the question, whether he had told the porter to look out for his things while he was absent in the toilet room, the plaintiff's testimony was to the effect that he would not be positive that he told him so, but that he thought he did. The porter, who was called for the defendant, testified that he woke the plaintiff according to order, but did not see him when he got up, and had no words with him at all; that he left the body of the car before the plaintiff left his berth, and proceeded to the smoking room to clean it up, and that, when he returned to the car, he found the plaintiff dressing.

Under this evidence we must overrule the defendant's first assignment of error that the court erred in not instructing the jury at the close of plaintiff's evidence that he could not recover. There was some substantial evidence that the plaintiff had requested the porter to guard his effects in his absence, wherein this case is distinguishable from *Root v. Sleeping Car Co.*, 28 Mo. App. 199. The weight of that evidence was for the jury.

But we must sustain the defendant's second assignment of error, based upon the refusal of the following instruction asked by it: "If the jury believe under the evidence that plaintiff left the watch mentioned in evidence in his berth when he went to the toilet room to wash, and allowed said watch to remain in said berth while in that toilet room without notifying any servant of the defendant that the watch was so left in the berth, then the jury are instructed that defendant was guilty of negligence directly contributing to the loss of such watch, and they will find for defendant."

There was no other instruction given, which presented for the consideration of the jury the plaintiff's contributory negligence, and its effect. We said in *Root v. Sleeping Car Co., supra,* a case identical in many of its features with the present case: "The custody of the passenger's hand baggage and money is, saying the most that can be said in his favor, a mixed custody— partly his custody and partly that of the sleeping car company. But it is not even a mixed custody in respect of money or other small valuables which he can conveniently keep upon his person, or under his eye, while he is awake. Such a custody is the exclusive custody of the passenger, and not, in any sense, the custody of the carrier. Now, if a passenger put such articles in a situation where anybody can steal them, and goes away and leaves them there, and especially if he does this without notifying any servant of the sleeping car company that he has so left them, it must be said, as a matter of law, that he has been guilty of contributory negligence." We are aware of no case in this state that carries the liability of these companies any further than there stated. There was ample evidence to support this instruction, and the defendant was entitled to it. We see no error in other instructions given by the court, nor in the modification of the defendant's second instruction, which was unnecessary but not prejudicial.

The judgment is reversed and the cause remanded. All the judges concur.